```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 08/06/2024
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
ROXANA BERENICE CASTRO AJMAD,  :
:
           Plaintiff,  :  **REPORT AND**
:  **RECOMMENDATION**
  -v-  :
:  23-CV-5776 (MMG) (JLC)
FCB COMMODITIES LLC, *et al.*,  :
:
           Defendants.  :
-----------------------------------------------------------X

**JAMES L. COTT, United States Magistrate Judge.**

**To the Honorable Margaret M. Garnett, United States District Judge:**

On August 1, 2024, nearly 13 months after this case was filed, plaintiff Roxana Berenice Castro Ajmad ("Ajmad") submitted a supplemental letter motion seeking permission to serve defendant Dwight Crescioni by email. During these 13 months, the Court has issued two memorandum orders, the first extending the time to effect service on Dwight Crescioni by alternate means, and the second, issued last month, denying Ajmad's request to serve Dwight Crescioni via Instagram, LinkedIn, or email without prejudice to renewal. Because Ajmad has not complied with the requirements specified in the Court's most recent memorandum order in her latest submission, Ajmad's case against Dwight Crescioni should be dismissed without prejudice. Additionally, because Ajmad has failed to serve two other defendants within the time required by Rule 4(m) of the Federal Rules of Civil Procedure—Wellsure Corporation and Ranjit Hewavitarne—Ajmad's case against these two should also be dismissed without prejudice.

1

## I. BACKGROUND

The facts have previously been described by the Court in its January 8, 2024 Memorandum Order, Dkt. No. 19, and in its July 22, 2024 Memorandum Order ("July 22 Order"), Dkt. No. 35, but the Court will nonetheless briefly review them again here to provide relevant context. Ajmad filed her complaint on July 6, 2023 against four defendants: Dwight Crescioni, Wellsure Corporation, Ranjit Hewavitarne, and FCB Commodities LLC. Dkt. No. 1. She alleges claims of breach of contract, fraudulent inducement, negligent misrepresentation, and conversion as a result of an investment in FCB Commodities LLC. Since then, Ajmad has been unable to effect service on any defendant except FCB Commodities LLC.

Ajmad has received several extensions of time to effect service. First, on October 24, 2023, the Court granted an extension until December 22, 2023. Dkt. No. 14. The Court then granted Ajmad an additional 90 days on January 8, 2024. Dkt. No. 19. After additional extensions were granted by the Court on April 9, 2024, Dkt. No. 22, and May 9, 2024, Dkt. No. 24, Ajmad submitted a letter on June 17, 2024, purporting to have served defendant Dwight Crescioni via Instagram and LinkedIn. Dkt. No. 26. Ajmad also asked for permission, in the alternative, to serve defendant Dwight Crescioni via email at fcbcommoditiesllc@gmail.com. *Id*. at 1. After the Court requested and received a letter brief in support of service by social media and email, Dkt. Nos. 27, 28, it issued its July 22 Order denying Ajmad's application for service on Dwight Crescioni via Instagram, LinkedIn, or email without prejudice to renewal.

In its denial of service via email, the Court stated, in relevant part:

> If this email address [fcbcommoditiesllc@gmail.com] was in fact used by Dwight Crescioni in relation to the scheme alleged in the complaint, then service via this email address may well satisfy due process. However, on the present record, Ajmad has not met her burden. To do so, Ajmad should submit one or more emails demonstrating that Dwight Crescioni sent and received emails from the address fcbcommoditiesllc@gmail.com. *Additionally, Ajmad should submit evidence to establish that Dwight Crescioni continues to access this email address. A recent email sent by Dwight Crescioni from this email address or a screenshot from Gmail indicating that the account is online (with a green circle) would likely suffice.*

*Id.* at 11–12 (emphasis added).

On August 1, 2024, Ajmad submitted a supplemental letter motion "request[ing] [only] that the Court grant permission for service of process via [fcbcommoditiesllc@gmail.com]." August 1, 2024 Letter ("August 1 Letter") at 3, Dkt. No. 36. Ajmad thus no longer seeks permission for service via Instagram or LinkedIn. *Id.* Ajmad attached several redacted emails as exhibits to her August 1 letter. Dkt. No. 36-1. These emails appear to show communications between Ajmad, the email address fcbcommoditiesllc@gmail.com, and other email addresses, in 2018 and 2019. *Id.* The most recent attached email is dated May 20, 2019. *Id.* at 6.

## II. DISCUSSION

### A. Legal Standards for Service Via Email

Many courts have found that service by email may satisfy due process. *See, e.g.*, *Pearson Educ. Inc. v. Doe 1*, No. 18-CV-7380 (PGG) (OTW), 2019 WL 6498305, at *3 (S.D.N.Y. Dec. 2, 2019) ("Email service has also repeatedly been found by

3

courts to meet the requirements of due process.") (citation omitted); *FTC v. Pecon Software Ltd.*, Nos. 12-CV-7186 (PAE), 12-CV-7188 (PAE), 12-CV-7191 (PAE), 12-CV-7192 (PAE), 12-CV-7195 (PAE), 2013 WL 4016272, at *5 (S.D.N.Y. Aug. 7, 2013) ("Service by email alone comports with due process where a plaintiff demonstrates that the email is likely to reach the defendant."). "However, 'in those cases where service by email has been judicially approved, the movant supplied the [c]ourt with some facts indicating that the person to be served would be likely to receive the summons and complaint at the given email address.'" *Kesten v. Broadcast Music, Inc.*, No. 20-CV-8909 (LJL), 2021 WL 1740806, at *2 (S.D.N.Y. Mar. 3, 2021) (quoting *AMTO, LLC v. Bedford Asset Mgmt., LLC*, No. 14-CV-9913 (KMK), 2015 WL 3457452, at *8 (S.D.N.Y. June 1, 2015)).

"[C]ourts have upheld service via e-mail [in] . . . cases [that] involved email addresses undisputedly connected to the defendants and that the defendants used for business purposes." *AMTO, LLC*, 2015 WL 3457452, at *8 (citation omitted). To establish that an email address is still in use, some courts have considered screenshots, submitted by a plaintiff, indicating that a defendant's Gmail account was used recently because the online status associated with the Gmail address appeared as a green circle. *Id.* at *3 ("The webmail Gmail client user interface displays a contact list of all Gmail chat users on the left hand side of the webmail user interface . . . next to each chat user there is an indicator showing whether the Gmail chat user is online[.]"). Other courts have considered confirmation that an "email account[] was recently in use by the specified defendant." *FTC v. PCCare247*

*Inc.*, No. 12-CV-7189 (PAE), 2013 WL 841037, at *4 (S.D.N.Y. Mar. 7, 2013).

### B. Ajmad Has Not Demonstrated that Service via Email will Notify Dwight Crescioni of this Case

Ajmad argues that the "voluminous" emails that she attaches to her August 1 letter reveal that "Dwight Crescioni consistently utilizes [the fcbcommoditiesllc@gmail.com] address for regular communications." August 1 Letter at 2. She points to several cases in which email service was found to satisfy due process and argues that "the facts of this case closely match those of the cited precedents, where defendants were evading service, making email the most practical and effective means of communication." *Id.* at 4.[1]

While Ajmad has arguably demonstrated that Dwight Crescioni used the fcbcommoditiesllc@gmail.com address five years ago in the emails she has provided to the Court, she has entirely disregarded the Court's directive from its July 22 Order and failed to "submit evidence to establish that Dwight Crescioni continues to

---

[1] Notably, Ajmad has misleadingly cited several cases in her submission to the Court. For example, when citing *SEC v. Anticevic*, Ajmad mistakenly suggests that "[t]he court approved service by email on defendants who were evading service," August 1 Letter at 3, but this decision actually relates to service by publication, and makes no mention of service by email. No. 05-CV-6991 (KMW), 2009 WL 361739 (S.D.N.Y. Feb. 13, 2009). In citing *NYKCool A.B. v. Pac. Int'l Servs., Inc.*, Ajmad mistakenly states that "[t]he court permitted service via email where the defendant's physical whereabouts were unknown, and email was the most effective way to ensure the defendant received actual notice of the proceedings." August 1 Letter at 3. In fact, the court held the opposite: "NYKCool has *failed* to show that service by e-mail to [the email address] was reasonably calculated to reach [defendant]." *NYKCool A.B. v. Pacific Intern. Servs., Inc.*, 66 F. Supp. 3d 385, 391 (S.D.N.Y. 2014) (emphasis added). Such poor research is not to be countenanced.

access this email address." July 22 Order at 12.  As the most recent email that Ajmad submitted was from May of 2019, there is nothing in the record to support the conclusion that Dwight Crescioni continues to access this email address.  Because Ajmad has not "supplied the [c]ourt with some facts indicating that [Dwight Crescioni] would be likely to receive the summons and complaint at the given email address," despite repeated extensions and a clear directive in the Court's July 22 Order, Ajmad has not demonstrated that email service on Dwight Crescioni would satisfy due process in this case.  *Kesten*, 2021 WL 1740806, at *2 (internal quotation omitted).

Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure:  "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time."

"The Court has given [Ajmad] ample opportunity to properly serve defendants."  *Demarco v. City of New York*, No. 08-CV-3055 (RRM) (LB), 2010 WL 3394647, at *2 (E.D.N.Y. May 11, 2010), *adopted in relevant part by* 2010 WL 3394655 (Aug. 25, 2010).  "The Court granted [Ajmad] multiple extensions of time to serve under Rule 4(m), and when [Ajmad's] service was deficient, the Court provided [Ajmad] with a detailed explanation of the deficiency and instructed [her] how service must be made."  *Id.*  The Court further warned, in its July 22 Order, that "[i]f Ajmad does not provide the necessary support as described in this

memorandum order, the Court will then recommend that this case be dismissed . . . under Rule 4(m) of the Federal Rules of Civil Procedure[.]" July 22 Order at 13–14. "The Court cannot afford [Ajmad] unlimited opportunities to serve defendants, and [Ajmad's] time to serve defendants has long passed." *Demarco*, 2010 WL 3394647 at *2. Therefore, Ajmad's complaint should be dismissed without prejudice as to Dwight Crescioni.

### C. Ajmad Has Failed to Serve Wellstone Corporation and Ranjit Hewavitarne

Since Ajmad filed her complaint on July 6, 2023, she has not served defendants Wellstone Corporation or Ranjit Hewavitarne. Ajmad's June 17, 2024 letter, June 27, 2024 letter brief, and August 1, 2024 supplemental letter motion make no reference to either of these defendants. Therefore, because Ajmad has failed to effect service on Wellstone Corporation or Ranjit Hewavitarne, Ajmad's claims as to these two defendants should also be dismissed without prejudice under Rule 4(m).

### D. Ajmad Served FCB Commodities LLC More Than A Year Ago But Has Taken No Action Against It

With her June 17 letter, Ajmad submitted, for the first time, an affirmation of service dated July 27, 2023, demonstrating that defendant FCB Commodities LLC was served through the New York Secretary of State. Dkt. No. 26-2. To date, FCB Commodities LLC has not filed an answer nor has it appeared in this action. Ajmad should be directed to address why her claims against FCB Commodities LLC should not be dismissed for failure to prosecute, as she has taken no action as

7

against this defendant in more than a year.

## III.  CONCLUSION

For the foregoing reasons, Ajmad's case should be dismissed without prejudice as to defendants Dwight Crescioni, Wellstone Corporation, and Ranjit Hewavitarne.  Ajmad should be directed to address why her claims against FCB Commodities LLC should not be dismissed for failure to prosecute.[2]

### PROCEDURE FOR FILING OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days (including weekends and holidays) from service of this Report and Recommendation to file any objections.  *See* Fed. R. Civ. P. 6(a), (b), (d).  Such objections, and any responses to objections, shall be filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Honorable Margaret M. Garnett, United States Courthouse, 40 Foley Square, New York, New York 10007-1312.  Any requests for an extension of time for filing objections must be directed to Judge Garnett.

---

[2] One other defendant, Tyrone Crescioni, was added as a necessary party in the Court's July 22 Order, and Ajmad has until October 20, 2024 to serve this defendant.

**FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW**. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010).

Dated: New York, New York
August 6, 2024

_____
JAMES L. COTT
United States Magistrate Judge