USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/5/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROXANA BERENICE CASTRO AJMAD,

Plaintiff,

-against-

FCB COMMODITIES, et al.,

Defendants.

23-CV-05776 (MMG)

**ORDER**

MARGARET M. GARNETT, United States District Judge:

Plaintiff Roxana Berenice Castro Ajmad ("Plaintiff") commenced this action on July 6, 2023, through her counsel Kareem El Nemr. *See* Dkt. No. 1. She asserts claims for breach of contract, fraudulent inducement, negligent misrepresentation, and conversion against FCB Commodities LLC ("FCB Commodities"), Wellsure Corporation, Dwight Crescioni, and Ranjit Hewavitarne in connection with a certain financial investment in FCB Commodities. *See* Dkt. No. 1. The case has made essentially no progress since it began thirty-one months ago, and Plaintiff and her counsel have repeatedly taxed the Court with ineffectual efforts to prosecute the case and multiple repeated failures to comply with Court orders. For the reasons that follow, this action is dismissed without prejudice under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute.

## BACKGROUND

This case was initially assigned to Judge Vernon S. Broderick, who referred it to Magistrate Judge James L. Cott for General Pretrial Supervision. On March 4, 2024, the case was reassigned to the undersigned, and on August 27, 2024, the referral for General Pretrial Supervision was redesignated to Magistrate Judge Henry J. Ricardo.

Plaintiff failed to effectuate service for over a year after filing her complaint. On June 17, 2024, she filed an affidavit of service for the first time, purporting to have served FCB Commodities eleven months earlier on July 27, 2023. *See* Dkt. No. 26-2. By that time, she still had not served Dwight Crescioni, Ranjit Hewavitarne, or Wellsure Corporation, despite having received multiple extensions of the time to do so. Accordingly, Judge Cott issued a Report and Recommendation on August 6, 2024, recommending that Plaintiff's claims against Dwight Crescioni, Ranjit Hewavitarne, and Wellsure Corporation be dismissed for failure to prosecute, *see* Dkt. No. 37, which this Court adopted in relevant part on November 18, 2024, *see* Dkt. No. 41. Separately, Judge Cott granted Plaintiff leave to amend her complaint to add Tyrone Crescioni as a necessary party. *See* Dkt. No. 35. However, Plaintiff never successfully filed an amended pleading naming the new defendant. Dkt. No. 42 at 2.

On October 30, 2024, Plaintiff moved for default judgment against FCB Commodities and Tyrone Crescioni. *See* Dkt. No. 39. Judge Ricardo issued a Report and Recommendation on December 16, 2024, recommending that Plaintiff's motion be denied. *See id.* at 3–7. Judge Ricardo noted that Plaintiff had not filed a Clerk's Certificate of Default as to either defendant, as

required by Local Civil Rule 55.2(a). *See id.* at 2. Indeed, Plaintiff's counsel had altogether failed to obtain entries of default from the Clerk of Court, the basic prerequisite for a default judgment. *See id.* Moreover, Judge Ricardo found that Plaintiff had not adequately shown that her purported service on FCB Commodities was proper. *See id.* Similarly, Plaintiff could not show proper service as to Tyrone Crescioni given that she never successfully filed an amended complaint with which to serve him. *Id.*

Plaintiff filed objections to Judge Ricardo's Report and Recommendation on December 28, 2024. *See* Dkt. 43. The submission did not contain any objections, however. It instead requested that the Court grant Plaintiff leave to correct the deficiencies identified in Judge Ricardo's Report and Recommendation. *See id.* at 2–3. On July 3, 2025, the Court adopted Judge Ricardo's Report and Recommendation in its entirety, denying Plaintiff's motion without prejudice to renewal. *See* Dkt. No. 44. The Court further ordered Plaintiff "to complete the various steps identified in the R&R and Objections within the next 90 days" and to "submit a status letter to the Court by no later than October 2, 2025, informing the Court whether each step has been successfully completed, and, if so, proposing a schedule for a new motion for default judgment." *Id.*

Plaintiff filed the required status letter on October 2, 2025. *See* Dkt. No. 45. However, the letter revealed that Plaintiff's counsel had not taken <u>any</u> of the steps prescribed by the Court. Inexplicably, Plaintiff's counsel advised that he was waiting for the Court to set a date certain by which the required steps should be completed, despite the Court having previously set a very clear and definite deadline of 90 days, with a confirming letter to be filed on October 2, 2025 (after the 90-day period had elapsed). *See id.* at 2–3; Dkt. No. 44.

On October 16, 2025, Judge Ricardo issued an order further explaining Plaintiff's shortcomings and directing Plaintiff to both complete the required corrective steps and file a status letter with the Court by November 17, 2025. *See* Dkt. No. 46. Judge Ricardo explicitly warned Plaintiff that if she "fails to complete the above-described steps and file the requested status report by November 17, 2025, the undersigned may recommend to the Honorable Margaret M. Garnett that the action be dismissed for failure to prosecute pursuant to Federal Rule of Civil Procedure 41."

Plaintiff did not file the required status letter or otherwise indicate that she had undertaken any action in response to Judge Ricardo's order. On November 18, 2025, Judge Ricardo *sua sponte* extended Plaintiff's deadline to December 2, 2025, and again explicitly warned Plaintiff that failure to comply with the order "may result in a recommendation to the Honorable Margaret M. Garnett that the action be dismissed for failure to prosecute pursuant to Federal Rule of Civil Procedure 41."

To date, Plaintiff has failed to respond in any way to Judge Ricardo's orders dated October 16, 2025, and November 18, 2025. Since filing the deficient October 2, 2025 letter, Plaintiff has filed nothing on the docket and has not otherwise communicated with the Court.

## DISCUSSION

Under Federal Rule of Civil Procedure 41(b), "[i]f the plaintiff fails to prosecute or to comply with . . . a court order, a defendant may move to dismiss the action or any claim against it." "Although the text of Fed. R. Civ. P. 41(b) expressly addresses only the case in which a

defendant moves for dismissal of an action, it is unquestioned that Rule 41(b) also gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute." *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962) (the authority of a federal court to dismiss a plaintiff's action *sua sponte* for failure to prosecute "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts").

In considering a Rule 41(b) dismissal, courts must weigh five factors: "(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal." *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996). As "no one factor is dispositive," courts need only provide an explanation for the dismissal rather than consider each factor. *Martens v. Thomann*, 273 F.3d 159, 180 (2d Cir. 2001).

The relevant factors weigh strongly in favor of dismissal. Four months have passed since the deadline for Plaintiff to correct the deficiencies in her prior motion for default judgment. That deadline was imposed after numerous failures to comply with the most basic requirements of federal civil litigation. After advising in October 2025 that once again she and her counsel had failed to take the necessary steps—laid out specifically by the Court in a prior order—Plaintiff has ceased communications with the Court entirely, in defiance of two Court orders since. Those subsequent orders were clear—failure to comply could result in dismissal of Plaintiff's action in its entirety. Furthermore, Plaintiff's antics have occupied the attention of four different judges of this Court for over two-and-a-half-years, yet the case has not left the starting blocks. The Court's interest in managing its docket thus far outweighs Plaintiff's interest in receiving more chances to be heard, especially considering that she and her counsel have squandered every opportunity previously provided. For the same reasons, continuation of the case would prejudice the defendants, and the full course of events confirms that no sanction short of dismissal would be fruitful.

## CONCLUSION

For all of the reasons stated above, it is hereby ORDERED that this case is dismissed without prejudice. The Clerk of Court is directed to CLOSE the case.

Dated: February 5, 2026
New York, New York

SO ORDERED.

MARGARET M. GARNETT
United States District Judge